## Neel's Estate (No. 2).

*Decedent's estates—Principal and income—Profit on real estate—Interest —Trust and trustees.*

Where trustees in order to protect the interest of the trust estate buy in land at a receiver's sale, and afterwards sell the same at an advance, the profit properly belongs to the corpus of the estate, and is not to be distributed as income, but if the land has been purchased with borrowed money upon which interest has been paid, the interest should be regarded as part of the expense of the transaction, and be deducted in arriving at the net profits.

Argued Oct. 21, 1903. Appeal, No. 60, Oct. T., 1903, by Thomas S. Neel, from decree of O. C. Washington Co., Feb. T., 1895, No. 18, dismissing petition for citation in estate of James Neel. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Petition for citation.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree dismissing the petition.

*W. N. Conrad*, for appellant, cited: Hite v. Hite, 19 L. R. A. 173; Park's Est., 173 Pa. 190.

*Edwin W. Smith*, with him *Reed, Smith, Shaw & Beal*, for appellees, cited: Graham's Est., 198 Pa. 216.

OPINION BY MR. JUSTICE POTTER, January 4, 1904:

The trustees of the estate of James Neel, in order to protect the interest of the estate in the partnership of Neel & Wempler, bought in a number of pieces of land at a receiver's sale. These pieces were afterwards sold by the trustees at an advance of $10,522.25, and this amount was considered by them as properly belonging to the corpus of the estate, and not to be distributed as income. We agree with the view that the net gain arising out of the transaction should be treated as corpus, but we can see no good reason why the interest upon the money which was borrowed by the trustees in order to

make the purchase should not be regarded as part of the expense of the transaction, and be deducted from the amount of the proceeds of the sales, in arriving at the net profit. It does not seem equitable to charge the interest to income, and allow the corpus to take the full benefit of the gain made by the use of the borrowed money. We think the amount paid as interest upon the loan, $1,463.92, should not be charged to income, but should be deducted from the profit of $10,522.25 arising from the resale. This would reduce the net profit to $9,058.33, and leave that amount to be added to the corpus of the estate, and would relieve the income of the charge made against it for the interest upon the borrowed money. The amount of the taxes paid upon unproductive real estate was, we think, properly charged to the income.

The record is, therefore, remitted, with instructions to direct the trustees to credit to the income account, the sum of $1,463.92, which was charged against it for interest upon borrowed money; the costs of this appeal to be paid out of the estate.